

# THE ATTORNEY GENERAL
# OF TEXAS

**WAGGONER CARR**
**ATTORNEY GENERAL**

AUSTIN 11, TEXAS

August 26, 1964

Honorable Edna Cisneros
County Attorney
Willacy County
Raymondville, Texas

Opinion No. C-300

Re: Whether the miscalling of
votes is covered by Article
227 of Vernon's Penal Code
relating to the making of a
false canvass of the votes
cast at an election, and re-
lated questions.

Dear Miss Cisneros:

This will acknowledge receipt of your letter of August 19, 1964, wherein you asked the following questions:

"1. Is the miscalling of votes covered by Article 227 of the Penal Code?

"2. Does Article 9.37 furnish the Grand Jury with authority to open the ballot boxes and examine them, provided an issue is raised to warrant the Court to grant such permission?"

As facts you state that evidence reveals that one of the election officials, while calling the ballots for the benefit of the tally clerks, called the wrong name in a two-man race on twenty-five or more occasions which were observed and subsequently reported by one of the tally clerks. The tally clerk, however, did not render such a report until more than ten days after the election and the tally clerk knowingly signed the affidavit on the official return forwarded to the County Democratic Committee.

The statute in question (Article 227, V.P.C.) reads as follows:

"Any Judge or Clerk of an election, chairman or member of a party executive committee, or officer of a primary, special or general election, who willfully makes any false canvass of the votes cast at such election, or a false statement of the result of a canvass of the ballots cast shall be confined in the penitentiary not less than two (2) nor more than five (5) years. . . ."

-1430-

1. Is the miscalling of votes covered by Article 227 of the Penal Code?

In order to answer this question it is necessary to determine what constitutes a "canvass." Words and Phrases contains excerpts from other jurisdictions to the following tenor:

The canvass by the judges of election is merely their count. Graham v. Peters, 93 N.E. 315, 316, 248 Ill. 50 (1910).

That accused as an election officer made marks on a tally sheet as another officer called off the votes warranted a finding that accused "counted" and "canvassed" the votes; it being unnecessary that he handle each ballot. Commonwealth v. Edgarton, 86 N.E. 768, 771, 200 Mass. 318 (1909).

A canvass of an election "includes not only the counting of the vote by the inspectors, but the record of the count by the poll clerks upon the tally sheet. This tally sheet therefore, is made a substantial part of the canvass." In re Stewart, 48 N.Y.S. 957, 963, 24 App.Div. 201.

"A Canvass is the act of examining and counting the returns of votes cast at a public election." Green v. Stoddard, 109 N.Y.S. 2 395, 398 (1951).

It must be assumed that the Legislature intended to create a penal offense for any person who wilfully did an act which would cause any "canvass" of the election to be false. The deliberate miscalling and recording of votes as described in your letter will make any canvass of the specified election false.

The answer to your first question is "yes."

2. Does Article 9.37 furnish the Grand Jury with authority to open the ballot boxes and examine them, provided an issue is raised to warrant the Court to grant such permission?

Article 9.37, V.A.T.S., Election Code, provides as follows:

> "At any time when the grand jury is making an investigation of any criminal violation of the election laws, and finds probable cause, a request may be made to a district judge of that county for an order directed to the County Clerk to permit the grand jury to examine the ballot box and ballots therein in so far as may be necessary to determine the issue at stake. Such order may be issued by the district judge in his sound discretion. In that case, the grand jury shall make such examination in secret before a quorum of the grand jury and only then; when such examination is complete the boxes shall be relocked and returned to the custody of the County Clerk."

There have been no decisions under this Article. The Historical Comment furnished by the codifiers and prepared by Dr. A.P. Cagle, Counsel for the Election Code Commission states as follows:

> "This is a new article. It was intended to reverse a court decision that the grand jury had no right to open an election box. It places the matter within the sound discretion of the district judge."

The answer to your second question is "yes."

## SUMMARY

The intentional miscalling of votes to the tally clerks constitutes wilfully making a false canvass of the votes cast at such election. Article 9.37 of the Election Code furnishes the grand jury authority to open the ballot boxes and examine the contents under appropriate orders from the district court.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

Honorable Edna Cisneros, page 4 (C-300)

By: _Howard M Fender_
Howard M. Fender
Assistant Attorney General

HMF/br

APPROVED

OPINION COMMITTEE:

W. V. Geppert, Chairman
Larry Merriman
Grady Chandler
Cecil Rotsch
Roger Tyler

APPROVED FOR THE ATTORNEY GENERAL
By:  Stanton Stone